UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHARLES KEITH                                                                                        PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:08CV-322-S

CITY OF SHEPHERDSVILLE                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, City of Shepherdsville ("the City"), to dismiss, or in the alternative, to hold the action in abeyance pending the disposition of a state case against the City and Joseph G. Sohm, former mayor of the City.

The plaintiff, Charles Keith, is an employee of the City of Shepherdsville. He states in his complaint that:

> 5. Plaintiff was employed by Defendant City of Shepherdsville from 1985 to 1990 and from 1999 to December 22, 2006.
>
> 6. Due to unlawful harassment and retaliation by former City of Shepherdsville Mayor Joseph Sohm and his agents [fn: Claims regarding these unlawful actions are presently pending in Bullitt Circuit Court.], Plaintiff suffered a psychological breakdown in December 2006, was treated for anxiety and depression, and took leave under the Family and Medical Leave Act ["FMLA"]. Plaintiff was eventually hospitalized for this anxiety and depression.
>
> 7. Defendant terminated Plaintiff on December 22, 2006, while Plaintiff was on medical leave.
>
> 8. After a Civil Service Hearing, Plaintiff was reinstated to his position by Order of the Shepherdsville Civil Service Commission, and Plaintiff currently serves as an employee of the City of Shepherdsville.

Keith filed this suit for violation of the FMLA on June 19, 2008. Keith claims that the City violated the FMLA, 29 U.S.C. § 2601, *et seq.*, because (1) he suffered from a serious medical condition; (2) he took FMLA leave; (3) the City interfered with his FMLA leave, and harassed and terminated him

for taking FMLA leave. He seeks lost wages, salary, and other benefits and compensation denied or lost due to his termination, medical expenses incurred as a result of lost health insurance coverage for himself and his family, attorney's fees, costs, and interest.

The underlying facts in this case, as alleged in Keith's suit in the Bullitt County, Kentucky Circuit Court, are these:

Keith alleges that in the Spring of 2002, Sohm, the mayor of the City, learned that Keith intended to support Sohm's opponent in the upcoming mayoral election. Keith claims that from that point on, he was harassed, and retaliated against until his discharge in December of 2006. He claims that he also reported what he perceived to be violations of the law and dangers to public health and safety for which he also suffered reprisals during his employment. He claims that the actions of the defendants was so severe that he was hospitalized for anxiety and depression. While he was on medical leave, he was terminated from his employment with the City.

Keith filed a grievance with the Shepherdsville Civil Service Commission. The commission reinstated Keith to his employment with the City with an award of back pay.

On December 29, 2007, approximately six months prior to the filing of this federal action, Keith filed suit in the Bullitt County Circuit Court against the City and Joseph G. Sohm alleging violation of Keith's rights under the Kentucky Constitution, violation of Kentucky public policy, retaliation for his political opinions and associations and for complaining about the defendants' actions, violation of the Kentucky Whistleblower Act, and for intentional infliction of emotional distress. These claims were premised on the alleged conduct which Keith claims led to his "psychological breakdown," hospitalization, and need for FMLA leave.[1] He did not include a claim for violation of the FMLA.

---

[1] These are the claims that Keith footnotes in his federal complaint as pending in the Bullitt Circuit Court.

The defendants moved to dismiss the state court action. Oral argument was heard on the motion. The City then moved in this court to dismiss the federal action or, alternatively, to hold the action in abeyance pending disposition of the state case. After the motion regarding the federal action was fully briefed, the Bullitt Circuit Court issued a ruling on the motion to dismiss. The court

(1) Dismissed the wrongful discharge claims, finding that Keith was not employed at will.

(2) Dismissed the "wrongful retaliation" claim, finding that such a claim was not recognized in Kentucky law.

(3) Dismissed the claim for violation of the Whistleblower Act as against Sohm, as there is no claim for individual civil liability under the Act.

(4) Denied dismissal of the claim for violation of the Whistleblower Act as against the City, finding that the Kentucky General Assembly intended the term "political subdivision," as used in the Act, to include municipalities.

(5) Denied dismissal of the claim for intentional infliction of emotional distress, finding that there were sufficient facts alleged to state a claim.

(6) Declined to find the defendants immune from suit at that time.

Order and Opinion of October 21, 2008, Bullitt County Circuit Court Civil Action No. 07-CI-01552.

The City has moved for dismissal of the FMLA claim in the federal action on the ground that Keith has impermissibly split his causes of action. It contends that the action should be dismissed because, even though this court has subject matter jurisdiction over claims brought under the FMLA, the court should look to the state law rule of *res judicata* which would give preclusive effect to a state court judgment, barring federal litigation of claims decided by the state court or which properly should have been brought in the state court action. *Citing, Migra v. Warren City School District Board of Education*, 465 U.S. 75 (1984)(addressing 28 U.S.C. § 1738); *Hays v. Sturgill*, 193 S.W.2d 648 (Ky. 1946); *DLX, Inc. v. Kentucky*, 381 F.3d 511 (6th Cir. 2004).

The City urges that the federal complaint arises out of the same facts as in the state action. It states that "[i]n this federal action, Plaintiff simply alleges another theory for the alleged retaliation against him arising out of the events prior to his termination and the termination of his

employment itself." The wrongful termination claims and the "wrongful retaliation" claim have been dismissed from the state action for failure to state a claim. Thus what remains in the state action is a claim for discrimination against Keith for reporting perceived violations of the law or dangers to public health and safety at his place of employment. (The Whistleblower Act claim). He also has a claim for intentional infliction of emotional distress in these alleged acts of discrimination. His claim against the City in this court is for harassment and termination in retaliation for taking FMLA leave. While both actions allege harassing treatment generally speaking, they arguably focus on different acts with different motivations occurring at different in times. Keith's need for FMLA leave was allegedly the result of actions which occurred over a period of years earlier. He contends that he was then harassed and terminated for having taken that leave.

Keith urges that *res judicata* does not apply herein inasmuch as there is no identity of facts, parties, and causes of action, and because there has been no resolution of the state claims on the merits. *Citing, Hays, supra, Stemler v. Florence*, 350 F.3d 578 (6th Cir. 2003); *Barnes v. McDowell*, 848 F.2d 725 (6th Cir. 1988). Indeed, the case of *Hillman v. American Axle & Manufacturing, Inc.*, 2006 WL 452420 (E.D.Mich. 2006), upon which the City relies, involved a dismissal on the merits of the state court action, a fact which we do not have here.

Further, the court has been shown no basis for the court to dismiss or abstain under either the *Colorado River* or *Younger* abstention doctrines.

The FMLA, 29 U.S.C. § 2617, provides that "[a]n action to recover the damages or equitable relief prescribed...may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction..." Thus a claim for violation of the FMLA may be brought in either federal or state court.

First, we note that abstention is the exception rather than the rule. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 46 L.Ed.2d 483 (1976).

As we have not been shown that the pendency of the two actions constitutes "piecemeal" litigation or would otherwise counsel in favor of abstention in the interest of "wise judicial administration," we will decline to abstain under *Colorado River*. *Id.*

The City fares no better in urging the court to abstain under the doctrine established in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). When the underlying proceeding is not a criminal matter, *Younger* abstention is only proper in extraordinary circumstances. *Traughber v. Beauchane*, 760 F.2d 673, 680 (6th Cir. 1985). This is not such a circumstance. The redress of a claimed violation of the FMLA would not interfere with the implementation of any state policy or implicate any vital state interest in issue in the state action which would warrant abstention. *See, Carras v. Williams,* 807 F.2 1286 (6th Cir. 1986), *citing, Younger*, *supra.; Traughber,* 760 F.2d at 680.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, City of Shepherdsville, to dismiss or, alternatively, to the hold the case in abeyance (DN 10) is **DENIED.**

**IT IS SO ORDERED.**